## Mason v. Commonwealth.

Oct. 9, 1942.

Sylvester V. Little for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Richard Mason, was sentenced to the penitentiary for five years following his conviction for voluntary manslaughter upon trial for the murder of

Bob Adams and appeals from the judgment. The sole ground urged for reversal is that the verdict was flagrantly against the evidence in that all the evidence established conclusively that the killing was done in self-defense. We think the contention is meritorious.

The appellant is a man 62 years of age and the deceased was 39, weighing approximately 135 pounds. On Saturday afternoon, the day before the killing, the two procured a gallon of moonshine whiskey and went coon hunting. They remained all night on this expedition and consumed a portion of the liquor. About daybreak they went to the home of Mrs. Susie Cook, taking along the unconsumed whiskey, and remained there all day Sunday, the killing occurring about supper time. The deceased had been keeping company with Mary Thompson, a daughter of Mrs. Cook. Present at the house also was John Thompson, a 16-year old son of Mrs. Cook, and Elijah Overbay, an older son. All those present at the house were witnesses for the Commonwealth and, in fact, furnished the only material testimony except that of appellant. From their testimony it appears that about noon appellant and the deceased had a quarrel which arose when the deceased put appellant's dog out of the house and appellant resented it. At this time, according to all witnesses, the deceased knocked appellant down and was preparing to "stomp" him but was prevented from doing so by the others present. According to the appellant and one, or more, of the other witnesses, appellant was knocked unconscious when the deceased knocked him down. Appellant's shotgun was hidden by members of the family following this altercation but was later brought out and put on the bed. Appellant and the deceased were apparently on friendly terms during the afternoon but just prior to the killing the deceased arose and said to the appellant that he knew he was going to tell a pack of lies on him and "If you want to tell anyone, tell it to me." At this time appellant was sitting by the fire and the deceased was in an adjoining room, which was on a higher level, having steps going up into it. The deceased started towards the door of the room where appellant was and John and Mary Thompson tried to hold him and asked him not to fight any more but he got loose from them and went on. Appellant, who had procured the shotgun, said to the deceased "Don't come on me, I'm not able to fight you"

but the deceased kept going on. Appellant backed up to the door and tried to get out but was unable to open the door. He then fired one shot from the shotgun which struck the deceased in the thigh, making a hole about three inches in diameter. Appellant says that the shot was not fired at the deceased but that he tried to fire "around him" in order to stop his advance. The deceased bled to death from the wound, dying several hours later.

In refusing to direct a verdict of not guilty, the trial court was of the opinion that appellant would have been entitled to a directed verdict except for the evidence as to the size of the wound, it being his opinion that this indicated that the deceased was shot at some distance. It is our conclusion that this fact was not sufficient to justify the denial of the directed verdict to which all other evidence clearly indicated appellant was entitled. No evidence was introduced as to the size of a wound that a shotgun of the type used by appellant would make at varying distances and, in any event, the deceased must necessarily have been rather close to appellant while making his advance since the house they were in was apparently an ordinary log house.

It is true that we have frequently written that the burden is on one who admits a killing to justify or excuse it. Simmons v. Com., 207 Ky. 570, 269 S. W. 732; Hatfield v. Com., 264 Ky. 721, 95 S. W. (2d) 562, but it is our opinion that the appellant clearly met this burden. All evidence, both for the Commonwealth and for the appellant, established that the deceased, a younger and stronger man, who had made one violent assault on the appellant during the day, was at the time of the killing advancing on him again with the evident purpose of repeating the assault. Appellant made an effort to avoid the assault by retreating as far as he could reasonably do so and fired only when he could not otherwise avoid injury to himself. Mere speculation as to the distance between the deceased and the appellant at the time the fatal shot was fired, based upon the size of the wound, should not be permitted to overcome an otherwise clearly established defense.

It is our conclusion that all the evidence in the case clearly established that appellant acted in self-defense and that no justifiable inference to the contrary could reasonably be drawn. This being true, the trial court

should have directed a verdict of not guilty. Carpenter v. Com., 287 Ky. 819, 155 S. W. (2d) 240.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.